**LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
GUY DANILOWITZ, State Bar # 257733
555 University Avenue, Suite #270
Sacramento, California 95825
Telephone: (916) 444-5678
Facsimile: (916) 444-3364

Attorneys for Plaintiffs,
MARVIN ORR, SHEILA MATLOCK and
MARVIN ORR III

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN ORR, SHEILA MATLOCK and MARVIN ORR III | NO. |
| Plaintiffs, | |
| vs. | **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND STATE LAW** |
| COUNTY OF SACRAMENTO; Sacramento County Sheriff's Department Sheriff JOHN MCGINNESS; Sacramento Main Jail Commander ERIC MANESS; JAMIE LEWIS, Chief of Correctional and Court Services; ANNMARIE BOYLAN, Chief of Correctional Health Services; PETER DIETRICH, MD, Medical Director of the Sacramento County Jail Systems; EVELYN HOROWITZ, MD, Correctional Health Services Staff Physician; and DOES I through XXX, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

///

///

///

Complaint for Violation of Civil Rights and State Law;
Jury Trial Demanded                                                          1

Plaintiffs complain and allege as follows:

## I. JURISDICTION

1.     This Complaint seeks damages pursuant to Title 42 U.S.C. sections 1983 and 1988, for the violation of plaintiffs' civil rights and for violations of California State Law. Jurisdiction is founded upon Title 28 U.S.C. sections 1331 and 1343.  This Court has supplemental jurisdiction over the alleged state law claims pursuant to 28 U.S.C. section 1367.

## II. VENUE

2.     Plaintiffs' claims, alleged herein, arose in the County of Sacramento, California.  Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. section 1391(b)(2).

## III. INTRODUCTION

3.     This action stems from personal injuries, including a right femur fracture that plaintiff Marvin Orr sustained when he fell out of a top bunk for the second time in a week while in the care and custody of the Sacramento County Main Jail. His injuries could not have been a surprise to anyone at the jail given that he had fallen out of a top bunk earlier that week and Sacramento County Main Jail medical staff explicitly noted that he needed to be placed in a lower tier/bottom bunk on at least two separate occasions within a week of his falls because of his medical needs.  The medical needs forms that noted Orr's use of a cane and potential need for a wheelchair for transportation to court provided further notice of the obviousness of his need to be on the lower tier/bottom bunk.   On December 8, 2008, Orr went into custody to complete a misdemeanor sentence.  Because of his obviously at-risk medical conditions, he was housed on 2 East, which the Sheriff's Department refers to as its "Medical housing and special needs housing" wing.   Despite his being housed there, he was not given a lower bunk even after his first fall.  After the second fall when he fractured his femur, his obvious and urgent medical needs were ignored, as he was confined in a wheelchair for several days, left sitting in his own waste, until he was finally taken to U.C. Davis Medical Center for surgery.  On information and belief, plaintiff alleges that as yet

unidentified Sacramento County Main Jail medical staff did not communicate the medical requirement that he be placed in a bottom bunk to the custodial officers at the Sacramento County Main Jail. Contrary to the medical recommendations and plaintiff's requests, as of yet unidentified Sacramento County Main Jail custodial officers placed plaintiff in a top bunk. On the evening of December 13, 2008, plaintiff fell head first from the upper bunk, fracturing his right femur and hitting his head.

**IV. PARTIES**

4.      During all times mentioned in this Complaint, plaintiff Marvin Orr was, and is, a United States citizen, residing in the County of Sacramento, California. Plaintiff is a forty-six year old male.

5.      During all times mentioned in this Complaint, plaintiff Sheila Matlock was, and is, a United States citizen, residing in the County of Sacramento, California.  Plaintiff is a fifty-one year old female.

6.      During all times mentioned in this Complaint, plaintiff Marvin Orr III was, and is, a United States citizen, residing in the County of Sacramento, California.  Plaintiff is a fourteen year old male.

7.      Defendant County of Sacramento is a political subdivision of the State of California, created and existing by virtue of the laws of the State of California.

8.      Defendant County of Sacramento operates and manages the Sacramento County Main Jail and is, and was at all times mentioned herein, responsible for the actions or inactions and the policies, procedures and practices/customs of all Correctional Health Services relating to the Sacramento County Main Jail.

9.      Defendant John McGinness is, and was at all times mentioned herein, the Sheriff of the Sacramento County Sheriff's Department and employed by the County of Sacramento.  As Sheriff, defendant McGinness is and was responsible for the training and supervision of all Sacramento County Sheriff's Department and Sacramento County Main Jail employees and/or agents, including defendants Does I through XXX.  Defendant McGinness is and was also responsible for the promulgation of the policies and procedures

Complaint for Violation of Civil Rights and State Law;
Jury Trial Demanded                                                                                      3

and allowance of the practices/customs pursuant to which the acts alleged herein occurred.
Defendant McGinness is being sued in his official and individual capacities.

10.     Defendant Jamie Lewis was at all times mentioned herein, the Sacramento
County  Sheriff's Department Chief of Correctional and Court Services employed by the
County of Sacramento and acting in that capacity.  As Chief of Correctional and Court
Services, defendant Lewis was responsible for the training, supervision and discipline of
Main Jail employees and/or agents, including Does I through X.  Defendant Lewis was also
responsible for the promulgation of the policies and procedures and all allowance of the
practices/customs pursuant to which the acts alleged herein occurred.  Defendant Lewis is
being sued in his official and individual capacities.

11.     Defendant Eric Maness is, and was at all times mentioned herein, the
Sacramento County Main Jail Commander and employed by the County of Sacramento.  As
Jail Commander, Defendant Maness is and was responsible for the training and supervision
of all Sacramento County Sheriff's Department and Sacramento County Main Jail custodial
employees and/or agents, including defendants Does I through X.  Defendant Maness is and
was also responsible for the promulgation of the policies and procedures and allowance of
the practices/customs pursuant to which the acts alleged herein were committed.  Defendant
Maness is being sued in his official and individual capacities.

12.     Defendant Annmarie Boylan is, and was at all times mentioned herein, the
Chief of Correctional Health Services at the Sacramento County Main Jail and employed by
the County of Sacramento.  As Chief of Correctional Health Services, defendant Boylan was
personally responsible for the training and supervision of Correctional Health Services
employees and/or agents, including defendants Does XI through XX.  Defendant Boylan
was also personally responsible for the promulgation of the policies and procedures and
allowance of the practices/customs pursuant to which the acts alleged herein were
committed.  Defendant Boylan is being sued in her official and individual capacities.

13.     Defendant Dr. Peter Dietrich is, and was at all times mentioned herein, the
Medical Director of the Sacramento County Jail System.  Defendant Dietrich was the

1    facility Health Authority as set forth under Title 15 of the California Code of Regulations.

2    Defendant Dietrich is being sued in his official and individual capacities.

3         14.    Defendant Dr. Evelyn Horowitz was at all times mentioned herein a Staff

4    Physician with Correctional Health Services at the Sacramento County Main Jail employed by

5    the County of Sacramento.  Defendant Horowitz is being sued in her official and individual

6    capacities.

7         15.    The true names and identities of defendants Does I through X are presently

8    unknown to plaintiffs.  Plaintiffs allege on information and belief that each of Defendants

9    Does I through X was employed by the Sacramento County Sheriff's Department at the time

10   of the conduct alleged herein.  Plaintiffs allege that defendants Does I through X, and each

11   of them were deliberately indifferent to plaintiff Orr's medical needs and health and safety,

12   failed to communicate written medical needs instructions concerning plaintiff Orr to

13   custodial staff, failed to follow written medical instructions concerning plaintiff Orr,

14   violated plaintiffs' civil rights, were negligent, and/or encouraged and/or directed and/or

15   enabled and/or ordered other defendants to engage in such conduct.  Plaintiffs will seek to

16   amend this Complaint as soon as the true names and identities of defendants DOES I

17   through X have been ascertained.

18        16.    The true names and identities of defendants DOES XI through XX are

19   presently unknown to plaintiffs.  Plaintiffs allege on information and belief that each of

20   Defendants DOES XI through XX was employed by Sacramento County Correctional

21   Health Services at the time of the conduct alleged herein.  Plaintiffs allege that Defendants

22   DOES XI through XX, and each of them were deliberately indifferent to plaintiff Orr's

23   medical needs and health and safety, failed to communicate written medical needs

24   instructions concerning plaintiff Orr to custodial staff, failed to follow written medical

25   instructions concerning plaintiff Orr, violated plaintiffs' civil rights, were negligent, and/or

26   encouraged and/or directed and/or enabled and/or ordered other Defendants to engage in

27   such conduct.  Plaintiffs will seek to amend this Complaint as soon as the true names and

28   identities of Defendants DOES XI through XX have been ascertained.

17.     The true names and identities of Defendants DOES XXI though XXX are presently unknown to plaintiffs.  Plaintiffs allege on information and belief that each of Defendant DOES XXI through XXX was employed by the COUNTY OF SACRAMENTO, and/or the Sacramento County Sheriff's Department and/or Correctional Health Services at the time of the conduct alleged herein.  Plaintiffs allege that each of Defendants DOES XXI through XXX was responsible for the training, supervision and/or conduct of the Sacramento County Main Jail employees and/or agents involved in this incident.  Plaintiffs allege that each of Defendants DOES XXI through XXX was also responsible for and caused the acts and injuries alleged herein.  Plaintiffs will seek to amend this Complaint as soon as the true names and identities of defendants DOES XXI through XXX have been ascertained.

18.     Defendants John McGinness, Eric Maness, Jamie Lewis, Annmarie Boylan, Peter Dietrich, Evelyn Horowitz, and Does I through XXX, and each of them, to the extent they engaged in any acts or omissions alleged herein engaged in such acts or omissions under color of state law.

## V. EXHAUSTION OF PRE-LAWSUIT PROCEDURES

19.     Plaintiff filed a governmental tort claim with the County of Sacramento on March 18, 2009, as a pre-requisite to the state law claims alleged herein. The claim has not been formally rejected, but as forty-five days have passed since the claim was filed, the claim can be deemed rejected as a matter of law.

## VI.  FACTUAL ALLEGATIONS

20.     On December 8, 2008, Marvin Orr went into custody at the Sacramento County Main Jail to serve the balance of a misdemeanor sentence.  At the time Orr suffered from a variety of significant medical problems, including arthritis and joint problems that were so severe he was receiving SSI because of his medical conditions.  He regularly used and needed a cane to ambulate.  He had degenerating hips which needed replacement; and at the time of the incident he was a diabetic who took a number of medications to prevent him from having seizures.  He was also on a variety of other medications, several of which were

Complaint for Violation of Civil Rights and State Law;
Jury Trial Demanded                                      6

1  for pain.  He had had a fall in the Sacramento Main Jail in July, 2008.

2      21.    Prior to his December 8, 2008, incarceration, defendants had actual notice of

3  both the severity of his medical conditions and the need for him to be housed on both a

4  lower bunk and lower tier.  Records in connection with two previous misdemeanor

5  incarcerations noted, on May 14, 2007, his degenerative hips and neuropathy that afflicted

6  his body, and noted that he needed to be housed on both a lower bunk and a lower tier.

7  Similarly, on June 11, 2008, jail records also confirmed his need for a lower bunk and a

8  lower tier.

9      22.    At the Sacramento County Main Jail, once again his need for special housing

10  was readily apparent.  The jail's Special Needs forms dated December 9, 2008, in addition

11  to indicating his need of a lower bunk/lower tier, also noted his need of a cane and

12  potentially a wheelchair.

13      23.    Although housed on 2 East, which the jail considers its medical/special needs

14  floor, he was, in fact, placed on an upper bunk.  To reach an upper bunk one has to climb

15  and/or pull up.

16      24.    Shortly after his December 8, 2008, arrival, he fell from the top bunk, losing

17  consciousness. His injuries were readily apparent, including head injuries.  Despite these

18  injuries, he remained assigned a top bunk.

19      25.    In his second fall from the top bunk on the afternoon of December 13, 2008,

20  he hit his head on the metal toilet and incurred significantly greater injuries, including a

21  fractured femur and further head injuries.  Rather than immediately taking Orr to the

22  hospital for proper evaluation and treatment, he was instead propped up into a wheelchair.

23      26.    He spent several days in the wheelchair in the so-called medical wing sitting

24  in his own waste.  His frequent pleas for urgent medical attention were ignored.  Dr.

25  Horowitz specifically approved Orr remaining untreated in the wheelchair for "observation,"

26  although it is unclear what anyone was observing him for, other than further deterioration.

27  He was observed on December 13, 2008, after the fall, as "unable to lift right leg" and that

28  his "both arms assisted" the moving of his right leg while sitting in the wheelchair.  Orr

Complaint for Violation of Civil Rights and State Law;
Jury Trial Demanded       7

complained of swelling and pain in his right leg.

27.    The jail medical staff, which had repeatedly ignored Orr's pleas for assistance, only acted upon Orr's severe and urgent needs when other inmates and at least one correctional officer aggressively lobbied for action.

28.    He was finally taken to U.C. Davis Medical Center on December 16, 2008, where he remained for ten days, during which time he had surgery for his broken, right femur.

29.    Plaintiffs believe that the drug addiction and dependency of the Jail Medical Director, Dr. Peter Dietrich, was a significant factor in the dysfunctional medical care Orr received.  Dr. Dietrich was arrested on January 15, 2009, for conduct related to his Oxycontin addiction.

30.    There have been multiple individuals at the Sacramento County Main Jail who have sustained injuries as a result of being improperly placed on upper bunks and/or upper tiers in disregard of medical advice and/or obvious medical needs.  Resulting injuries have led to previous litigation providing the County of Sacramento, Sheriff McGinnis, Captain Maness, Chief Lewis, Nurse Boylan, Dr. Dietrich and Does I through XXX on actual notice of injuries caused as a result of this practice.

31.    2 East is improperly used as a medical care facility, when, in fact, it is not. Defendants County of Sacramento, Sheriff McGinness, Captain Maness, Chief Lewis, Nurse Boylan, Dr. Dietrich and Does I through XXX are on actual notice of this dangerous practice through Corrections Standards Authority inspections, as well as through previous litigation, which have drawn attention to this recurring problem.  Orr's being housed on 2 East may even explain, in part, the negligent care he received.  Orr's care after his fall was his sitting in his own waste in a wheelchair for several days.

32.    At the time of this incident, medical care and treatment was provided to Sacramento County Main Jail inmates by employees and/or agents of the Sacramento County Sheriff's Department and Correctional Health Services.

33.    Correctional Health Services, which employs medical doctors and nurses to

treat jail inmates, was, at the time of this incident, a department/division of the County of Sacramento.

34.   The County of Sacramento, Dr. Dietrich, Nurse Boylan, and Does XXI through XXX were and are, with regard to medical care and treatment and the development of policies and procedures and allowance of practices/customs relating to that care and treatment, responsible for the actions or inactions of employees and/or agents of Correctional Health Services.

35.   Defendants County of Sacramento, Sheriff McGinness, Captain Maness, Chief Lewis, Nurse Boylan, Dr. Dietrich and Does XXI through XXX are responsible for the Plaintiff's injuries at the Sacramento County Main Jail for the following reasons:

   a.   Said defendants failed to promulgate appropriate policies, guidelines and procedures and have failed to rectify improper practices/customs with regard to the medical care, psychological care, chemical-dependency care, and health and safety of Sacramento County Main Jail inmates.  Said failures include, but are not limited to, a failure to properly house and/or bed inmates, a failure to monitor and/or properly supervise inmates, a failure to set up a system for the quick and effective identification, assessment and treatment of inmates with medical needs and a failure to set up proper and open communication among Sacramento County Main Jail Staff and accessibility to County or Main Jail records amongst the staff.

   b.   Said defendants also failed to appropriately hire, train and/or supervise their employees and/or agents so as to prevent the incident alleged herein.  Said failures include, but are not limited to, the fact that personnel were not properly trained on properly housing and/or bedding inmates and the identification, assessment and treatment of inmates with medical needs.

   c.   Said defendants allowed conditions at the Sacramento County Main Jail to deteriorate causing an environment where medical needs are ignored and inmate safety is disregarded.

36.    As a result of the defendants' conduct alleged herein, Orr suffered a fractured right femur, head injuries including concussions, disorientation, extreme humiliation, gratuitous and severe pain and suffering, medical expenses, emotional distress and mental anguish.

37.    As a result of the psychological effect that this incident has had on Marvin Orr, plaintiffs Sheila Matlock, his wife and Marvin Orr III, his son, have been unable to re-establish their previously healthy relationship with Marvin Orr.

## VII.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**Deliberate Indifference to
Serious Medical Needs, Health and Safety - 8th Amendment
(42 U.S.C. Section 1983)**
(*Brought by plaintiff Marvin Orr against defendants McGinness, Maness, Lewis, Boylan,
Dietrich, Horowitz, and Does I through XXX*)

38.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37, as though fully set forth herein.

39.    Defendants' acts and/or omissions as alleged herein, including but not limited to their failure to provide Orr with medical care and/or take other measures to prevent his falling out of his bunk after notice of his physical condition, and the acts and/or omissions of the defendants in failing to train, supervise and/or promulgate appropriate policies and procedures at the jail in order to prevent this incident constituted deliberate indifference to Orr's known serious medical needs, which were an obvious and immediate threat to his health and safety.

40.    As a direct and proximate result of defendants' conduct, Orr was seriously injured.

41.    As a direct and proximate result of the defendants' conduct, plaintiff suffered damages as alleged herein.

42.    The aforementioned acts and/or omissions of the individually named defendants were malicious, reckless and/or accomplished with a conscious disregard of

Complaint for Violation of Civil Rights and State Law;
Jury Trial Demanded                                                                10

Orr's rights thereby entitling plaintiff to an award of exemplary and punitive damages according to proof and as permitted by law.

### SECOND CLAIM FOR RELIEF

**Unconstitutional Policy**
**(42 U.S.C. Section 1983)**

(*Brought by plaintiff Marvin Orr against defendants County of Sacramento, McGinness, Maness, Lewis, Boylan, Dietrich and Does XXI through XXX*)

43.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42, as though fully set forth herein.

44.     The aforementioned acts and/or omissions of the defendants in being deliberatively indifferent to Orr's serious medical needs, health and safety and violating Orr's civil rights were the direct and proximate result of policies of defendants County of Sacramento, McGinness, Maness, Lewis, Boylan, Dietrich and Does XXI through XXX, as alleged herein.

45.     Such policies include but are not limited to an ongoing pattern of deliberate indifference to the medical needs, health and safety of jail inmates.

46.     The policies of said defendants were a direct and proximate cause of plaintiff's injuries in that said defendants failed to adequately train and supervise their employees and/or agents to prevent the occurrence of the constitutional violations occurring in this incident.  Said defendants also failed to promulgate appropriate policies or procedures, or take other measures to prevent this incident.

47.     As a direct and proximate result of the aforementioned customs, policies and/or practices of said defendants, plaintiff suffered injuries and damages as alleged herein.

### THIRD CLAIM FOR RELIEF

**Unconstitutional Practices/De Facto Policy**
**(42 U.S.C. Section 1983)**

(*Brought by plaintiff Marvin Orr against defendants County of Sacramento, McGinness, Maness, Lewis, Boylan, Dietrich and Does XXI through XXX*)

48.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 47, as though fully set forth herein.

Complaint for Violation of Civil Rights and State Law;
Jury Trial Demanded                                                                                    11

49.     The aforementioned acts and/or omissions of the defendants in being deliberatively indifferent to plaintiff's serious medical needs, health and safety and violating plaintiff's civil rights were the direct and proximate result of the customs, practices or de facto policies of defendants County of Sacramento, McGinness, Maness, Lewis, Boylan, Dietrich and Does XXI through XXX, as alleged herein.

50.     Such customs and/or practices and/or de facto policies include but are not limited to an ongoing pattern of deliberate indifference to the medical needs, health and safety of jail inmates.

51.     The customs, practices and/or de facto policies of said defendants were a direct and proximate cause of the plaintiff's injuries in that said defendants failed to adequately train and supervise their employees and/or agents to prevent the occurrence of the constitutional violations occurring in this incident.  Said defendants also failed to promulgate appropriate policies or procedures or take other measures to prevent this incident.

52.     As a direct and proximate result of the aforementioned customs, practices and/or de facto policies of said defendants, plaintiff suffered injuries and damages as alleged herein.

### FOURTH CLAIM FOR RELIEF
**Supervisory Liability**
**(42 U.S.C. Section 1983)**
(*Brought by plaintiff Marvin Orr against defendants County of Sacramento, McGinness, Maness, Lewis, Boylan, Dietrich and Does XXI through XXX*)

53.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 52, as though fully set forth herein.

54.     Defendants McGinness, Maness, Lewis, Boylan, Dietrich and Does XXI through XXX tacitly encouraged, ratified and/or approved of the acts and/or omissions alleged herein, and knew that such conduct was unjustified and would result in violations of constitutional rights.

55.     The customs, policies and/or practices of said defendants were a direct and proximate cause of the plaintiff's injuries in that said Defendants failed to adequately train

and supervise their employees and/or agents to prevent the occurrence of the constitutional violations occurring in this incident.  Said defendants also failed to promulgate appropriate policies or procedures or take other measures to prevent this incident.

56.     As a direct and proximate result of the aforementioned customs, policies and/or practices of said defendants, plaintiff suffered injuries and damages as alleged herein.

### FIFTH CLAIM FOR RELIEF
#### Due Process Violation-Fourteenth Amendment
#### (42 U.S.C. Section 1983)
(*Brought by plaintiffs Sheila Matlock and Marvin Orr III against all defendants*)

57.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 56, as though fully set forth herein.

58.     The defendants' actions violated the Fourteenth Amendment of the United States Constitution in that defendants temporarily deprived plaintiffs of their rights to familial companionship by their deliberate indifference to Marvin Orr's serious medical needs, which resulted in plaintiffs Sheila Matlock and Marvin Orr III being unable to re-establish their previously healthy relationship with plaintiff Marvin Orr.

59.     As a direct and proximate result of said acts and/or omissions of defendants, plaintiffs suffered a loss of the companionship of their husband and father.  Furthermore, said acts were a proximate cause of plaintiffs' damages and injuries alleged herein.

60.     The aforementioned acts and/or omissions of the non-entity defendants were malicious, reckless and/or accomplished with a conscious disregard of plaintiffs' rights thereby entitling plaintiffs to awards of exemplary and punitive damages according to proof.

### SIXTH CLAIM FOR RELIEF
#### Failure to Furnish/Summon Medical Care
#### (Cal. Govt. Code § 845.6)
(*Brought by plaintiff Marvin Orr against defendants County of Sacramento, Horowitz and Does I through XX*)

61.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 60, as though fully set forth herein.

Complaint for Violation of Civil Rights and State Law;
Jury Trial Demanded                                                                      13

62.     Horowitz and Does I through XX knew or had reason to know that Orr was in need of immediate medical care and failed to take reasonable action to summon such medical care or provide that care resulting in the exacerbation of Orr's injuries and a violation of California State Law and specifically California Government Code section 845.6.  This conduct proximately caused damage and injuries to plaintiff.  Defendant County of Sacramento is vicariously liable for the conduct of Horowitz and Does I through XX.

63.     The actions of the individually named defendants were malicious, reckless and/or accomplished with a conscious disregard of plaintiffs' rights thereby entitling plaintiff to an award of exemplary and punitive damages according to proof and as permitted by law.

## SEVENTH CLAIM FOR RELIEF
### Professional Negligence/Medical Malpractice (Cal. State Law)
(*Brought by plaintiff Marvin Orr against defendants County of Sacramento, Horowitz and Does XI through XX*)

64.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 63, as though fully set forth herein.

65.     Defendants' medical care to Orr was negligent and failed to meet the professional standards of care for such treatment proximately causing plaintiff's injures. Defendant County of Sacramento is vicariously liable for the conduct of defendants Horowitz and Does XI through XX.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1.     For compensatory, general and special damages against each Defendant, jointly and severally, in the amount proven at trial;

2.     For punitive and exemplary damages against each named Defendant(s), other than governmental entities, in an amount appropriate to punish Defendant(s) and deter others from engaging in similar misconduct;

Complaint for Violation of Civil Rights and State Law;
Jury Trial Demanded                                                                        14

3.     For costs and reasonable attorneys' fees pursuant to 42 U.S.C. section 1988 and as otherwise authorized by statute or law;

4.     For such other relief, including injunctive and/or declaratory relief, as the Court may deem proper.

Dated: December 6, 2010                    Respectfully submitted,


                                           /s/ Stewart Katz
                                           STEWART KATZ,
                                           Attorney for Plaintiffs

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand trial by jury.

Dated: December 6, 2010                    Respectfully submitted,


                                           /s/ Stewart Katz
                                           STEWART KATZ,
                                           Attorney for Plaintiffs

Complaint for Violation of Civil Rights and State Law;
Jury Trial Demanded                                          15