1 **LAW OFFICE OF STEWART KATZ**
STEWART KATZ, State Bar #127425
2 GUY DANILOWITZ, State Bar # 257733
555 University Avenue, Suite #270
3 Sacramento, California 95825
Telephone: (916) 444-5678
4 Facsimile: (916) 444-3364

5

6 Attorneys for Plaintiffs,
MARVIN ORR, SHEILA MATLOCK and
7 MARVIN ORR III

8

9            **UNITED STATES DISTRICT COURT**

10        **EASTERN DISTRICT OF CALIFORNIA**

11

12 MARVIN ORR, SHEILA MATLOCK and     NO. 2:10-CV-003262 JAM KJN
MARVIN ORR III
13

14         Plaintiffs,

                                **STIPULATION OF PARTIES**
15         vs.                       **REQUESTING COURT APPROVAL OF**
                                **SETTLEMENT OF MINOR'S CLAIMS**
16 COUNTY OF SACRAMENTO;         **AGAINST DEFENDANTS COUNTY OF**
Sacramento County Sheriff's Department    **SACRAMENTO, JOHN MCGINNESS,**
17 Sheriff JOHN MCGINNESS; Sacramento    **ERIC MANESS, JAMIE LEWIS,**
Main Jail Commander ERIC MANESS;      **ANNMARIE BOYLAN, and EVELYN**
18 JAMIE LEWIS, Chief of Correctional and   **HOROWITZ, MD; ORDER**
Court Services; ANNMARIE BOYLAN,
19 Chief of Correctional Health Services;
PETER DIETRICH, MD, Medical Director
20 of the Sacramento County Jail Systems;
EVELYN HOROWITZ, MD, Correctional
21 Health Services Staff Physician.
22
23         Defendants.
24 _____/

25 ///

26 ///

27 ///

28

STIPULATION REQUESTING APPROVAL OF MINOR'S CLAIMS; [PROPOSED] ORDER     1

PDF created with pdfFactory trial version www.pdffactory.com

PURSUANT TO LOCAL RULE 202, the parties to the above-referenced action by and through their undersigned attorneys hereby stipulate and respectfully request the Court to approve the settlement of the minor's claims as to defendants County of Sacramento, John McGinness, Eric Manness, Jamie Lewis, Annmarie Boylan, and Evelyn Horowitz, MD, in this matter for the reasons set forth below.

## BASIS FOR APPROVAL OF PROPOSED SETTLEMENT OR COMPROMISE OF MINOR'S CLAIMS

The above-referenced case involves plaintiff Marvin Orr III who is the minor son of plaintiffs Marvin Orr and Sheila Matlock.

The above-referenced matter is a civil rights action brought under 42 U.S.C. section 1983, with supplemental state law claims, regarding events which occurred at the Sacramento County Main Jail involving Marvin Orr.

A modest amount of discovery has been conducted in this case.  Liability and significant portions of the predicate facts are disputed.  The parties participated in a private mediation at which a settlement was reached between all defendants and plaintiffs. That settlement was contingent upon approval by the Sacramento County Board of Supervisors and the court's approval of the minor's compromise.  The Board of Supervisors has now approved that settlement.

This motion seeks approval of settlement as it applies to the minor in this matter.

1. **Minor's name:**          Marvin Orr III

2. **Age/Sex of Minor:**    Marvin Orr III is a sixteen year old male, DOB ▉▉▉ 1996

3. **Causes of Action:**     The only cause of action brought in this case on behalf of the minor is plaintiffs' fifth claim for relief which is based on an allegation of a fourteenth amendment due process violation for interference with his familial relationship with his father.

4. **Factual Basis:**

Plaintiffs' factual contentions, which are disputed by Defendants are as follows:

In December 2008 plaintiff Marvin Orr was taken to the Sacramento Main Jail to serve the balance of a misdemeanor sentence for driving under the influence of alcohol.  Orr had a myriad

STIPULATION REQUESTING APPROVAL OF MINOR'S CLAIMS; [PROPOSED] ORDER

2

PDF created with pdfFactory trial version www.pdffactory.com

of medical issues which resulted in his being housed in what is called the medical housing unit. These conditions also required that he be assigned a lower bunk bed. Instead Orr was given an upper bed which predictably led to two falls, the first resulting in a minor head injury, the second a broken femur.

Following the fall, Orr was not sent out for treatment for his obviously broken leg for three days. He was confined in a wheelchair for those three days prior to finally being taken to UC Davis Medical Center. The delay in treatment caused complications to his treatment which included the surgical repair of his right leg and addressing a deep vein thrombosis which had developed in that leg. He was hospitalized for 10 days. The fibula injury delayed his full hip replacement for approximately a year as the doctors needed to allow Orr's leg to fully heal before they could do the hip surgery.

Defendants dispute these facts as well the causal factual and legal inferences which Plaintiffs drew from these facts as well as the damages.

Medi-Cal actually paid just over $20,000.00 for Orr's care at UC Davis. Fortunately, the subsequent hip replacement procedure was successful and was not compromised by the 2008 femur break which was successfully mended.

5.    **Extent of Injuries:**    The minor plaintiff's injuries in this action are emotional injuries resulting from the loss of the continued active involvement of his father, Marvin Orr, in his life because of injuries resulting from the conduct alleged in this case.

The minor neither received nor sought nor wanted any mental health treatment as a result of the conduct alleged in this case. The minor sustained no physical injuries. The minor incurred no special damages.

6.    **Compromise determination:**

Plaintiffs were motivated to settle this case due to an absence of any economic or special damages other than medical care paid by Medi-Cal. Marvin Orr had multiple unrelated significant serious health problems that both predated and were of greater significance than his injuries from this incident, although a broken femur is a significant injury. The greatest significance of this injury was that it delayed a total hip replacement surgery that had

STIPULATION REQUESTING APPROVAL OF MINOR'S CLAIMS; [PROPOSED] ORDER

3

PDF created with pdfFactory trial version www.pdffactory.com

1   previously been cancelled due to compliance issues on Orr's part.  The hip replacement surgery

2   was successful and the surgeon, who was deposed, confirmed that the broken femur had fully

3   and successfully healed.

4          Minor Marvin Orr III's only claim is a fourteenth amendment claim based upon

5   interference with familial relations.  Orr III neither received nor sought any counseling, his

6   grades did not suffer and he continued to participate in extra-curricular activities at Mira Loma

7   High School.  Because of his father's injuries, his father was not able to participate as he

8   formerly had in his son's activities.

9          Plaintiff Sheila Matlock who also had a fourteenth amendment claim for interference

10  with familial relations agreed to waive any claim she had as part of the settlement.

11         Defendants dispute liability as to all claims but agree that the settlement is fair and

12  reasonable and in the best interest of the minor.

13  **7.  Attorney's Fees and Costs.**

14         Plaintiffs' case settled for a total of $150,000.00 of which $65,607.57 was allocated to

15  Marvin Orr, $15,000.00 was allocated to Marvin Orr III to be placed in and interest-bearing

16  account, subject to withdrawal only upon the authorization of the court until he reaches the age

17  of eighteen, at California Bank and Trust, 1331 Broadway, Sacramento, CA 95818, $15,308.89

18  was allocated to pay a Medi-Cal lien for care provided for injuries related to this incident,

19  $7,778.47 was allocated to pay a County of Sacramento Department of Revenue and Recovery

20  lien against Orr for matters unrelated to this lawsuit; $44,192.36.00 was allocated to the Law

21  Office of Stewart Katz for fees; and $2,112.71 was allocated to pay costs of the lawsuit.

22         This stipulation may be executed in any number of counterparts, each of which shall be

23  an original, but all of which together shall constitute one instrument.  Each of the parties below

24  may execute this agreement through separate signature pages, with, as necessary appropriate

25  verifications of their signatures, which will then be incorporated into one final document,

26  which will then constitute the parties' final stipulation.  When all signatures have been

27  assembled into one final document, copies of same will be provided to the parties, by and

28  through their respective counsel.

STIPULATION REQUESTING APPROVAL OF MINOR'S CLAIMS; [PROPOSED] ORDER

4

PDF created with pdfFactory trial version www.pdffactory.com

1

Dated:  June 26, 2012                    LAW OFFICE OF STEWART KATZ

2                                        /s/Stewart Katz
3                                        STEWART KATZ
                                         Attorney for Plaintiffs
4

5  Dated:  June 26, 2012                    LONGYEAR, O'DEA & LAVRA, LLP

6                                        /s/Van Longyear
7                                        VAN LONGYEAR
                                         Attorneys for Defendants, County of
8                                        Sacramento, AnnMarie Boylan, Evelyn
                                         Horowitz, Eric Manness, John McGinness,
9                                        Jamie Lewis

10 Approved as to Form:
11 Dated: June 26, 2012                    RIVERA & ASSOCIATES

12                                       /s/Jesse M. Rivera
13                                       JESSE M. RIVERA
                                         Attorneys for Defendant Dr. Peter Dietrich
14

15

16 Dated:  June 27, 2012                    /s/Sheila Matlock
                                         MARVIN ORR III, a minor, through
17                                       his Guardian Ad Litem SHEILA MATLOCK

18

19 **IT IS SO ORDERED:**

20

21

22 Dated:   6/28/2012                                /s/ John A. Mendez_____

23                                                United States District Court Judge

24

25

26

27

28

STIPULATION REQUESTING APPROVAL OF MINOR'S CLAIMS; [PROPOSED] ORDER          5

PDF created with pdfFactory trial version www.pdffactory.com